WO                                                                                                                               KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Joseph Lallande, | No. CV 21-01248-PHX-MTL (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, | |
| Respondent. | |

On July 15, 2021, Petitioner Thomas Joseph Lallande, who is confined in a Maricopa County Jail, filed a pro se Petition for Writ of Habeas Corpus (Doc. 1). Because Petitioner has not been convicted in his state criminal proceedings, the Court will construe the Petition as filed pursuant to 28 U.S.C. § 2241.[1]  In a July 26, 2021 Order, the Court ordered Petitioner to pay the filing fee or file an Application to Proceed In Forma Pauperis. On August 2, 2021, Petitioner filed an Application to Proceed In Forma Pauperis (Non-Habeas) (Doc. 4). On August 6, 2021, Petitioner filed an Application to Proceed In Forma Pauperis (Habeas) (Doc. 6). The Court will deny as moot the August 2 Application, grant the August 6 Application, and dismiss the Petition without prejudice.

**I.     Application to Proceed In Forma Pauperis**

Petitioner's August 6 Application to Proceed In Forma Pauperis indicates that his

---

[1] Title 28 U.S.C. § 2254 allows for an application for writ of habeas corpus by a person in custody "pursuant to the judgment of a State court." Petitioner has not yet been convicted and is therefore not in custody pursuant to a state court judgment. Accordingly, the appropriate avenue for challenging his confinement is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's August 6 Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(c).

## II.     Petition

Petitioner claims he is wrongfully detained because his arrests related to Maricopa County Superior Court cases CR 2020-000414 and CR 2020-143488 were made without probable cause, exigent circumstances, or "articulable facts that a crime had been committed or was being committed." Petitioner further claims his arrest related to Maricopa County Superior Court case number CR 2021-000613 was based on warrants "from the previous cases and they carried the taint of those previous unlawful arrests." Petitioner is currently awaiting trial in these cases. Petitioner seeks immediate release from custody.

## III.    Abstention

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition. *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id*. at 83-84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)). *Younger* abstention is appropriate where: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Petitioner's criminal proceedings are ongoing and his claims implicate the State's

interests in preserving the order and integrity of its criminal proceedings, *see Kelly v. Robinson*, 479 U.S. 36, (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); and in securing the appearance of criminal defendants at trial.  Further, Petitioner has adequate opportunity to litigate his constitutional claims in his state proceedings.  *See Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 394 (2nd Cir. 1995) ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes.").

Finally, Petitioner has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84.  Accordingly, abstention is appropriate in this case and the Court will dismiss this action without prejudice.

**IT IS ORDERED:**

(1) Petitioner's August 2, 2021 Application to Proceed In Forma Pauperis (Doc. 4) is **denied** as moot.

(2) Petitioner's August 6, 2021 Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(3) Petitioner's Petition for Habeas Corpus (Doc. 1), which the Court construes as filed under 28 U.S.C. § 2241, and this case are **dismissed without prejudice**.

(4) The Clerk of Court must enter judgment accordingly and close this case.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

(5) To the extent Petitioner challenges detention arising out of process issued by a State court, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("a state prisoner who is proceeding under § 2241 must obtain a COA under § 2253(c)(1)(A) in order to challenge process issued by a state court").

Dated this 20th day of August, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge